**Russelle L. HUBBARD, Plaintiff**

v.

**The MISSISSIPPI CONFERENCE OF THE UNITED METHODIST CHURCH; Christ United Methodist Church; Marty Parks; Laura K. Rogers (a/k/a Laura K. Humphreys); Kevin L. Humphreys; James O. Nelson, II; Fictitious Parties A, B, C, D, E, F, Defendants**

**Civil Action No. 3:00CV336BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

April 25, 2001.

Russelle L. Hubbard, Alabaster, AL, pro se.

Michael A. Heilman, OTT & Purdy, P.A., Jackson, MS, Mark H. Tyson, Virginia M. Todd, McGlinchey Stafford, Jackson, MS, John Robert White, Jr., Jackson, MS, Thomas Y. Page, Page, Kruger & Holland, P.A., Jackson, MS, William Matthew Vines, Page, Kruger, & Holland, P.A., Ridgeland, MS, for defendants.

### ORDER

BARBOUR, District Judge.

The purpose of this Order is to make two corrections to the Opinion and Order of this Court entered by the Clerk of Court on April 19, 2001. Neither correction in any way affects this Court's grant of summary judgment in favor of all Defendants on all claims of Plaintiff Russelle Hubbard ("Hubbard").

In regard to the claim of intentional infliction of emotional distress of Hubbard,

this Court stated that the statute of limitations applicable to such a claim is the one year statute of limitations found at section 15–1–35 of the Mississippi Code. The Court based this determination on the holding of the Mississippi Court of Appeals in *Air Comfort Sys. v. Honeywell, Inc.,* 760 So.2d 43, 47 (Miss.Ct.App.2000), in which the court explicitly held that the statute of limitations for intentional infliction of emotional distress is one year. The Mississippi Court of Appeals based this pronouncement on the decision of the Mississippi Supreme Court in *Nichols v. Tri–State Brick & Tile Co., Inc.,* 608 So.2d 324 (Miss. 1992).

However, while researching another matter, a 1996 decision of the Mississippi Supreme Court was brought to the attention of the Court. In *Norman v. Bucklew,* 684 So.2d 1246, 1256 (Miss.1996), the Mississippi Supreme Court expressly stated that the statute of limitations applicable to intentional infliction of emotional distress is three years pursuant to the Mississippi general statute of limitations found at section 15–1–49 of the Mississippi Code. Accordingly, the Court is faced with a conflict in holdings between the Mississippi Supreme Court and the Mississippi Court of Appeals.

■ Even though the Mississippi Court of Appeals decision is more recent, the Court must follow the holding of the highest Mississippi court, the Mississippi Supreme Court.[1] Accordingly, the applicable statute of limitations for Hubbard's intentional infliction of emotional distress claim is three years. Nevertheless, even in reviewing the conduct of Defendants for the

three years prior to Hubbard's filing of his Complaint, the conduct of Defendants in no way rises to the level of that required to support a claim of intentional infliction of emotional distress as required by the standard set forth in this Court's previous Opinion and Order. After applying the proper three year statute of limitations, the Court reaffirms its ruling that Defendants are entitled to summary judgment on Hubbard's intentional infliction of emotional distress claim.

■ The Court next corrects its holding that in Mississippi, the applicable statute of limitations for causes of action arising pursuant to 42 U.S.C. § 1983 is one year. Under the holdings of *Gates v. Spinks,* 771 F.2d 916, 920 (5th Cir.1985) and *Hanner v. State of Mississippi,* 833 F.2d 55, 56 (5th Cir.1987), this used to be the case. In those decisions, the United States Court of Appeals for the Fifth Circuit followed the mandate of *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) that federal courts sitting in a particular state must choose a statute of limitations of that state to govern section 1983 actions. The statute to be selected was that which applied to claims most analogous to a section 1983 cause of action. The Fifth Circuit chose the one year statute of limitations of section 15–1–35 of the Mississippi Code. However, the decision of the United States Supreme Court in *Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) changed this mandate and held "that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."

---

1. The Mississippi Supreme Court obviously gives precedence to its own opinions over those of the Mississippi Court of Appeals as Rule 17 of the Mississippi Rules of Appellate Procedure provides that one of the reasons for which the Mississippi Supreme Court may review a decision of the Mississippi Court of Appeals is where "it appears that the Court of Appeals has rendered a decision which is in conflict with a prior decision of the Court of Appeals or published Supreme Court decision."

Accordingly, in Mississippi, the general three year statute of limitations of section 15–1–49 of the Mississippi Code applies to section 1983 claims. *Thomas v. City of New Albany*, 901 F.2d 476, 476 (5th Cir. 1990).

Applying the correct three year statute of limitations to Hubbard's section 1983 claim, Defendants are still entitled to summary judgment. As the Court stated in its previous Opinion and Order, Defendants did not act under color of state law nor were they state actors as required by section 1983. Accordingly, the Court reaffirms its previous grant of summary judgment in favor of Defendants in regard to Hubbard's section 1983 claim.