830 So.2d 686 (2002)
Lynwood SLAYDON, Appellant/Cross-Appellee,
v.
Walter HANSFORD and Waffle House Incorporated, Appellees/Cross-Appellants.
No. 2001-CP-01216-COA.
Court of Appeals of Mississippi.
August 27, 2002.
Rehearing Denied November 12, 2002.
*687 Pro se, attorney for appellant.
James L. Gray, Picayune, Karl R. Steinberger, C. Brice Wiggins, attorney, Pascagoula, for appellees.
Before McMILLIN, C.J., MYERS, and CHANDLER, JJ.
MYERS, J., for the Court:
¶ 1. Lynwood Slaydon claims he was assaulted in the Picayune Waffle House by Walter Hansford, an employee of Waffle House, on November 20, 1999. Slaydon claims that he entered the Waffle House and ordered food prepared by Hansford. Slaydon claims that while preparing the food, Hansford urinated and defecated in the food. Slaydon claims that Hansford served him the food and after Slaydon consumed it Hansford informed him that he had urinated and defecated in his food and that he was HIV positive. Slaydon claims that this information caused him to become violently ill and fear that he had contracted the AIDS virus.
¶ 2. Slaydon and Hansford have a great animosity towards one another. Earlier the same year, Slaydon was arrested for attempting to rob and assault Hansford. Hansford later testified against Slaydon resulting in Slaydon's conviction for trespass, attempted robbery and simple assault which was later affirmed by this Court. From that same incident, Slaydon filed a civil action against Hansford for assault and battery that the trial court *688 dismissed as being time barred, which was also affirmed by this Court.
¶ 3. In his present appeal, Slaydon asserts that the incident occurred on November 20, 1999. Slaydon filed his complaint by mail asserting causes of action for both assault and battery and intentional infliction of emotional distress on November 22, 2000. Slaydon attempted to record a default judgment against Hansford for failing to answer the complaint. However, the circuit clerk refused to enter the default as Hansford had filed an answer to the complaint. Hansford attempted to mail a stamped filed copy of his answer to Slaydon via certified mail but Slaydon refused to receive his response. Both Hansford and Waffle House moved the court to dismiss Slaydon's complaint as time barred. The trial court dismissed Slaydon's complaint finding that the statute of limitations for the causes of action raised by Slaydon had run. From the dismissal of his complaint, Slaydon appeals asserting that the trial court erred in denying his request for default judgment against Hansford for failure to answer and dismissing his complaint as time barred. Further, Waffle House filed a cross-appeal asserting that Slaydon does not have the right to file an appeal in forma pauperis.

LEGAL ANALYSIS
1. WHETHER THE TRIAL COURT ERRED IN REFUSING TO ENTER A JUDGMENT OF DEFAULT AGAINST HANSFORD.
¶ 4. Slaydon first contends that the trial court erred when it refused to enter a judgment of default against Hansford for failure to answer Slaydon's complaint. Hansford was served with process in this civil action on January 19, 2001. Hansford mailed a letter to the circuit clerk answering the allegations contained in Slaydon's complaint that was stamped filed on January 30, 2001. Hansford mailed a copy of his answer to Slaydon via certified mail. Slaydon refused to receive the letter and then petitioned the trial court to enter a judgment of default against Hansford. Hansford had thirty days to answer Slaydon's complaint from the date of service of process. M.R.C.P. 12(a). Hansford timely filed his answer to Slaydon's complaint. Hansford properly attempted to serve Slaydon with a copy of his answer by mailing the copy to Slaydon's last known address. M.R.C.P. 5(b). Slaydon refused to accept Hansford's correspondence; however, service by mail is completed upon the document being mailed. Id. The trial court did not err in refusing to enter a judgment of default against Hansford as Hansford timely answered Slaydon's complaint. This issue is without merit.
2. WHETHER THE TRIAL COURT ERRED IN DISMISSING SLAYDON'S COMPLAINT AS TIME BARRED.
¶ 5. Slaydon's final contention is that the trial court erred when it dismissed his complaint against Hansford and Waffle House as time barred. Slaydon asserted in his complaint that the incident occurred on November 20, 1999. Slaydon filed his complaint on November 22, 2000, asserting theories of assault and battery as well as intentional infliction of emotional distress. The standard of review for motions to dismiss is "substantial evidence/manifest error." Alexander v. Brown, 793 So.2d 601, 603(¶ 6) (Miss.2001). The evidence is considered fairly as between the parties. Id. The statute of limitations for assault and battery is one year. Miss.Code Ann. § 15-1-35 (Rev.1995). The statute of limitations for intentional infliction of emotional distress is also one year. McCorkle v. McCorkle, 811 So.2d 258, 263(¶ 11) (Miss. Ct.App.2001). The one-year statute of limitations *689 for assault and battery and intentional infliction of emotional distress had clearly expired.
¶ 6. Slaydon contends as part of this issue that he was entitled to an additional three days because he filed his lawsuit by mail. Slaydon relies on the provisions of M.R.C.P. 6(e) for this contention. Slaydon's reliance on this rule is, however, misplaced. Rule 6(e) allows parties who are required to do some act within a prescribed period of time to add an additional three days to the prescribed time when the notice or other paper is served upon the party by mail. Civil actions are commenced by the filing of a complaint. M.R.C.P. 3(a). Slaydon commenced his civil action when his complaint was received by the circuit clerk's office on November 22, 2000, more than one year from the alleged incident occurring.
¶ 7. Slaydon also asserts under this issue that his causes of action against Waffle House should not be time barred as he claims they were negligent in supervising Hansford. The employer is responsible for the acts of its employee only where those acts are "committed within the scope of the employment." Odier v. Sumrall, 353 So.2d 1370, 1372 (Miss.1978). Even by taking Slaydon's allegations as true, Hansford's alleged acts were clearly not done in the furtherance of his employment responsibilities and, as such, Waffle House would not be liable. Slaydon alleged acts of assault and battery and intentional infliction of emotional distress in his complaint. These acts allegedly occurred on November 20, 1999. Slaydon commenced his lawsuit against Hansford and Waffle House on November 22, 2000, more than one year after the alleged occurrence. Slaydon's complaint is time barred by the applicable statute of limitations. This issue is without merit.
3. WHETHER SLAYDON SHOULD NOT HAVE BEEN ALLOWED TO APPEAL IN FORMA PAUPERIS.
¶ 8. Waffle House filed a cross-appeal asserting that Slaydon does not have the right to appeal a civil case in forma pauperis. Slaydon as a private citizen has the right to commence any civil action without having to pay court costs. Miss. Code Ann. § 11-53-17 (Supp.2001). The right to proceed in forma pauperis in civil cases does not extend beyond the initial trial of the matter. Moreno v. State, 637 So.2d 200, 202 (Miss.1994). In this case the trial court in its discretion granted Slaydon leave to appeal his civil case in forma pauperis. This sets a dangerous precedent and we caution trial courts against granting parties leave to appeal in forma pauperis in civil actions in the future except in those limited areas of the law where such an appeal would be mandated under considerations addressed in M.L.B. v. S.L.J., 519 U.S. 102, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996). Finding that Slaydon's appeal is meritless, however, we will not dismiss the appeal on this ground.

CONCLUSION
¶ 9. The trial court did not err in refusing to enter a judgment of default against Hansford as he timely filed his answer to Slaydon's complaint. The trial court properly dismissed Slaydon's complaint against both Waffle House and Hansford as Slaydon commenced his action after the statute of limitations had expired.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY IS AFFIRMED AS TO DIRECT AND CROSS-APPEALS. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
McMILLIN, C.J., BRIDGES, THOMAS, LEE, CHANDLER AND *690 BRANTLEY, JJ., CONCUR. KING, P.J. AND IRVING, J. CONCUR IN RESULT ONLY. SOUTHWICK, P.J. CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY MCMILLIN, C.J., BRIDGES, LEE, MYERS AND CHANDLER, JJ.
SOUTHWICK, P.J., CONCURRING:
¶ 11. This separate opinion is written solely to note uncertainties that have arisen concerning the statute of limitations that applies to the tort of intentional infliction of emotional distress. I agree with the majority's conclusion and wish to discuss the doubts that other courts have identified.
¶ 12. The Court today, as it has in the past, holds that the applicable limitations period to bring a claim for intentional infliction of emotional distress is one year. McCorkle v. McCorkle, 811 So.2d 258, 263 (Miss.Ct.App.2001), citing Miss.Code Ann. § 15-1-35 (Rev.1995). Two federal district courts have found that we have misread the precedents, though one agrees with our conclusion. One court determined that the general three-year statute applies. Hubbard v. Mississippi Conference of United Methodist Church, 138 F.Supp.2d 780, 780-81 (S.D.Miss.2001), citing Miss.Code Ann. § 15-1-49 (Rev.1995), and rejecting Air Comfort Systems, Inc. v. Honeywell, Inc., 760 So.2d 43, 47 (Miss.Ct. App.2000). Another district court declared that our McCorkle case confused the precedents, but the one-year statute is still the correct one. Hervey v. MetLife General Ins. Corp. System Agency of Mississippi, Inc., 154 F.Supp.2d 909, 916 n. 1 (S.D.Miss.2001).
¶ 13. The state precedent that caused one of the federal courts to apply the three-year statute was Norman v. Bucklew, 684 So.2d 1246, 1252 (Miss.1996), cited in Hubbard, 138 F.Supp.2d at 780. Discussing the statutes of limitations on a wide array of claims, including libel and slander, false imprisonment and false arrest, the court closed by stating that the "negligence and intentional and/or negligent infliction of emotional distress claims are governed by the three-year statute of limitations." Norman, 684 So.2d at 1256. There is no authority cited anywhere in the opinion as to why that is the statute of limitation for intentional infliction of emotional distress. That one phrase, in which the intentional tort is joined with the negligent one as well as with general negligence, is what causes the uncertainty. The phrase itself is clear, but it also is casual.
¶ 14. Our duty as an intermediate appellate court is not to read any precedent in isolation. We realize from our own opinion writing that the goal but not always the result is to make each precedent fit within the larger body of the law. If one phrase in one case appears inconsistent with the larger spectrum of cases, we should examine it with care for whether it might be aberrational or instead is obviously correctional. The Supreme Court in Norman assigned limitation periods to a lengthy set of claims. When it grouped intentional infliction of emotional distress with certain negligence claims, the Court made no effort either to undertake or to reject the analysis that it had just a few years earlier decreed was to be followed for determining when the one-year statute on certain intentional torts applies. I make that analysis here.
¶ 15. The limitations statute only names some intentional torts:
All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within *691 one (1) year next after the cause of such action accrued, and not after.
Miss.Code Ann. § 15-1-35 (Rev.1995). That is the only specific statute of limitation that could apply to the tort of intentional infliction of emotional distress. If it is inapplicable, then the three-year statute governing all actions "not otherwise specifically provided for" is the operative one. Miss.Code Ann. § 15-1-49 (Rev.1995).
¶ 16. To decide which applies, the Supreme Court four years before Norman explained the necessary analysis. First, the one-year statute does not apply to all intentional torts. Nichols v. Tri-State Brick and Tile Co., Inc., 608 So.2d 324, 333 (Miss.1992). Instead, if "the conduct alleged may be fairly categorized as one of the enumerated torts, the one-year statute applies." Id. The Court determined that fraud, deceit and intentional damage to property were not covered because they were not like any of the enumerated torts. Id. The Nichols Court described approvingly a precedent that had found that a suit alleging a willful threat of criminal prosecution to enforce a debt was within the terms of the one-year statute. Id. at 332, citing Dennis v. Travelers Ins. Co., 234 So.2d 624 (Miss.1970). After defining the limitation statute's word "menace" to mean a "threat," the Court found that the conduct in Dennis fell within the category of "menace."
¶ 17. Nichols concluded that the statutorily listed "torts address damage to persons or their reputations exclusively. None of them addresses actions causing damage to property, tangible or intangible." Id (citation omitted).
¶ 18. The Nichols Court justifiably, indeed inevitably looked at the reasonable meaning of the words of the statute. Except for the phrase "assault and" being added before "battery" and "for failure to employ" being inserted, this precise statute has been in existence since 1871. Miss.Code § 2152 (1871). Thus the failure to mention certain presently recognized torts by name in an 130 year old statute has not been found controlling. Instead, we are to ask if the somewhat archaic words contain the precursor to the relevant tort known as something else today.
¶ 19. The tort of infliction of emotional distress was not recognized in Mississippi in 1871 when this intentional tort statute of limitation language was adopted. Prior to 1938, there was no recovery for emotional distress caused by a defendant unless there was a physical injury. Doherty v. Mississippi Power Co., 178 Miss. 204, 214, 173 So. 287, 289 (1937), explained in Bradley Peacock, Note, Torts Infliction of Emotional Distress Recovery for Fear of Future Illness Predicated on Proof of Exposure and Rational Fear, 65 Miss. L.J. 763, 765 (1996). However, in 1938 the Supreme Court for the first time recognized the right to recover solely for intentional causing of mental injury. Saenger Theatres Corp. v. Herndon, 180 Miss. 791, 799, 178 So. 86, 87 (1938). The plaintiff had been treated to insulting conduct by an employee of a theater. The court was not specific as to just what the cause of action would be, as opposed to what were compensable damages. It cited with approval a Tennessee case, though, which had found "that as a legal duty the proprietor of a place of amusement is required to exercise civil conduct toward those he permits to enter and remain on his premises. For a breach of such legal duty an action in tort will lie." Boswell v. Barnum & Bailey, 135 Tenn. 35, 185 S.W. 692, 693 (1916), cited in Saenger, 178 So. at 87. Further elaboration on the cause of action occurred later.
¶ 20. The present tort requires that malicious, intentional or outrageous conduct lead to mental injury. Adams v. U.S. *692 Homecrafters, Inc., 744 So.2d 736, 742 (Miss.1999). Whether physical injury is required if the emotional distress arises only from negligence has been reviewed in a recent Supreme Court decision. American Bankers' Ins. Co. of Fla. v. Wells, 819 So.2d 1196 (¶¶ 42-43) (Miss.2001).
¶ 21. This modern tort is a permutation of the protections against personal injury that formerly were covered solely by what is mentioned in the hoary statute of limitation as "assault" and "menace." The outrageous conduct of an emotional distress claim is assaultive, in that it is an "attempt or threat to inflict injury upon the person of another, when coupled with a present ability so to do...." BLACK'S LAW DICTIONARY 114 (6th ed.1990). The attempt is not to commit a physical injury but to cause an emotional one. The outrageous conduct alleged against defendant Hansford would in fact be an assault. Whether the defendant fed the plaintiff as alleged in the complaint or instead had thrown the same substances at him, that would be an assault if it threatened physical injury. What Saenger added to the long-standing right to sue, is that even if only mental and emotional injuries were intended and resulted, a claim would exist.
¶ 22. The word "menace" was used in the intentional tort statute of limitations with no broader meaning than "threat." Dennis, 234 So.2d at 626. Evidence of the understanding of "menace" contemporary with the adoption of the relevant portions of this statute in 1871 is found in an 1870 opinion that the law provides a "guard against menaced wrongs and injuries to the person." Evans v. State, 44 Miss. 762, 777 (1871). If, instead of relying on the law, persons against whom threats or menaces are made "take the life of their enemy," they are guilty of a crime. Id. at 777-78. Therefore, "menace" in this old statute meant a "threat" of harm.
¶ 23. The infliction of emotional distress is, to use the words of Nichols v. Tri-State Brick, a tort that "address[es] damage to persons or their reputations," and "may be fairly categorized as one of the enumerated torts," namely assault or menace. Nichols, 608 So.2d at 332-33. If the tort is alleged to have been committed intentionally, it is subject to the one-year statute. If committed negligently, the three-year statute applies. Air Comfort Systems, 760 So.2d at 47. With respect for our federal judicial brothers, or perhaps they are our cousins, I believe they have erred in their protests about our analysis. Of course, the state Supreme Court in loco parentis has the final word on which is the obedient and which is the wayward interpretation of their precedents on a Mississippi statute.
McMILLIN, C.J., BRIDGES, LEE, MYERS AND CHANDLER, JJ., JOIN THIS SEPARATE WRITTEN OPINION.