840 So.2d 828 (2003)
Troy T. REDMOND, Appellant
v.
J.D. BREAKFIELD, Appellee.
No. 2001-CP-01324-COA.
Court of Appeals of Mississippi.
March 25, 2003.
*829 Troy T. Redmond, appellant pro se.
James R. Hayden, Hattiesburg, for appellee.
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
McMILLIN, C.J., FOR THE COURT:
¶ 1. Troy Redmond brought suit against J.D. Breakfield and Rita K. Jackson for damages resulting from an automobile accident that occurred in Covington County on December 5, 1996. Redmond sued on behalf of himself and his daughter, Allagra *830 Redmond, both of whom were in Redmond's vehicle at the time of the accident. Redmond alleged that Breakfield was negligent in the operation of truck and that his negligence caused the accident and the resulting injuries to Redmond and his daughter. Redmond's claim against Rita Jackson was based on the fact that she was the owner of the truck driven by Breakfield and on an allegation of negligent entrustment.
¶ 2. Although the record is not entirely clear on the matter, it appears that the claim against Jackson was resolved prior to trial and the case proceeded to trial solely against Breakfield. The jury returned a verdict in Breakfield's favor. Redmond has now appealed from this adverse verdict and asserts three issues; namely, (a) that the jury's verdict was against the weight of the evidence, (b) that the trial court erred in refusing to permit the jury to consider the official police report of the accident, and (c) that the trial judge erred by instructing the jury on the issue of whether Redmond was driving at an excessive rate of speed at the time of the accident. We find no merit in any of these issues and affirm.
¶ 3. We observe that, though originally represented by counsel, Redmond ultimately proceeded to represent himself at trial and appears pro se in this appeal. While it is beyond dispute that a litigant such as Redmond has the right to represent himself in a civil action such as this, we have serious reservations regarding the propriety of Redmond serving as counsel for his daughter at trial. That issue, however, appears to have been rendered moot by the fact that there is no indication in this record that an attempt was made to perfect an appeal on behalf of the daughter.
¶ 4. The motor vehicle accident forming the basis for this suit occurred at the intersection of Highways 35 and 49. Breakfield was in the process of returning from Choctaw County to his home in Covington County in a newly-purchased truck intended for use in his business. He was traveling on Highway 35 which ran in a generally east and west direction at the point in Covington County where it intersected with Highway 49. Redmond was traveling north on 49 in the process of returning from a trip to New Orleans to pick up his daughter for a visit. There is no dispute that Highway 49 was the through highway at the intersection and that Breakfield, in approaching the intersection on Highway 35, was faced with a stop sign requiring him to stop before attempting to cross over Highway 49 and continue on his way.
¶ 5. The only witnesses testifying to the circumstances of the accident were Redmond and Breakfield. Redmond claimed that he was traveling at or below the legal speed limit when Breakfield unexpectedly drove his truck into the intersection. Redmond testified that, at the point that Breakfield entered the intersection, it was impossible for him to avoid a collision and that he swerved to the left in the belief that hitting Breakfield's truck on an angle would minimize any possible injury to himself and his daughter. Breakfield, for his part, testified that he came to a complete stop at the stop sign and looked for oncoming traffic before entering the intersection. He claimed to have seen no traffic coming from the south before beginning to cross Highway 49 and said he had only the briefest advance warning before Redmond's vehicle struck him. There was testimony tending to show that Redmond had not applied his brakes before striking Breakfield's truck.
¶ 6. Both parties concede that the applicable rule of the road determining their competing responsibilities in the situation *831 was the following passage found in Section 63-3-805 of the Mississippi Code:
The driver of a vehicle shall stop as required by this chapter at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard. However, said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.
Miss.Code Ann. § 63-3-805 (Rev.1996).
¶ 7. Redmond, in support of his contention that the verdict was against the weight of the evidence, seems to contend that the uncontradicted proof that he was traveling on the through highway at the time of the accident necessarily establishes Breakfield's negligence for the accident. We find this to be an incorrect analysis of the law and the facts. There is contradictory evidence in the record as to whether Redmond, while traveling on the through highway, had approached so close to the intersection that he constituted an immediate hazard to Breakfield. Breakfield claimed that he stopped and made the necessary observations before entering the intersection. The clear implication of Breakfield's testimony is that Redmond was traveling at a high rate of speed that caused him to enter the intersection and strike Breakfield's truck and that Breakfield had entered the intersection only after he determined that no approaching vehicle posed an immediate hazard. Thus, it was Redmond's failure to approach the intersection with the necessary caution (including, necessarily, at a diminished rate of speed) to observe vehiclessuch as Breakfield'salready in the process of crossing over the through highway.
¶ 8. Certainly, Redmond's version of events differed from Breakfield's. However, Breakfield's testimony was not substantially impeached, nor was it shown that any of the uncontradicted physical evidence rendered his version of events unlikely or implausible. In such a circumstance, in the face of differing versions of the facts presented by competing parties to the litigation, it is the duty of the jury sitting as finders of fact to assess the credibility of the witnesses and determine what weight and worth to give any particular element of the evidence. Upchurch ex rel. Upchurch v. Rotenberry, 761 So.2d 199 (¶ 22) (Miss.2000).
¶ 9. Unless it can be demonstrated that the jury abandoned its duty to act as the disinterested finders of fact and, instead, decided the case based on bias, passion, or prejudice, an appellate court asked to review the jury's verdict is not permitted to substitute its own judgment for that of the jury. Bridges v. Kitchings, 820 So.2d 42 (¶ 37) (Miss.Ct.App.2002). Rather, we are obligated to afford substantial deference to the jury's findings of fact. Booker ex rel. Certain Underwriters at Lloyd's of London v. Pettey, 770 So.2d 39 (¶ 21) (Miss.2000).
¶ 10. It is evident from the jury's verdict that the members of the jury panel found Breakfield a more credible witness than it did Redmond. We do not find the evidence in support of Redmond's version of the accidentlimited essentially to Redmond's own testimony and nothing more to be so compelling or persuasive as to convince us that the jury was motivated by improper bias, passion or prejudice in deciding against Redmond in the face of overwhelming evidence to the contrary. In that circumstance, we have no other *832 option under the law except to affirm the jury verdict.
¶ 11. Redmond's claim that the trial court improperly excluded evidence in the form of the police accident report is simply incorrect. The accident report, at Redmond's request, was admitted as Exhibit P-20. Redmond, during his cross-examination of Breakfield, attempted to elicit from Breakfield an admission that the accident report assigned fault for the accident to Breakfield. The trial court sustained an objection on the ground that the reporting officer's opinion, not based on any eyewitness observation, had no relevance. Breakfield's counsel's actual objection was that the inquiry was improper as having no basis in fact since the accident report did not contain any evidence of the investigating officer's opinion on the question of fault. Our review of the report convinces us that Breakfield's counsel was correct and that the report does not purport to assign blame for the accident. In all events, the document speaks for itself and the fact remains that the report in its entirety was available to the jury which was free to gather whatever information from it that the jury deemed helpful. We find no error as to this issue.
¶ 12. Breakfield had requested a jury instruction stating that, (a) if the jury concluded that Redmond did not have his vehicle under proper control at the time of the accident and was traveling at an inappropriately high rate of speed, and, (b) if the jury found these factors to be the sole cause of the accident, then their obligation was to find for Breakfield. At the conference on instructions, Redmond objected to the instruction on the basis that it was not supported by any evidence. Though proceeding pro se, there is no doubt that Redmond raised a proper objection. Jones v. State, 797 So.2d 922 (¶ 16) (Miss. 2001).
¶ 13. The trial court, in ruling on Redmond's objection, determined that he was correct insofar as he contended that there was no evidence in the record indicating that he did not have his vehicle under proper control. However, the court determined that there was evidence that, if found credible by the jury, would reasonably support the proposition that Redmond may have been operating his vehicle at a rate of speed that was unreasonably dangerous in the circumstances immediately preceding the collision. The court appropriately modified the instruction to reflect that ruling and it was given in modified form without further objection from Redmond.
¶ 14. We conclude that the trial court's analysis of the evidence was correct. Breakfield's testimony that Redmond's vehicle was not in sight just moments before the collision would clearly support an inference by the jury that Redmond was only able to cover such a large distance in so short a time by traveling at a hazardously high rate of speed. Additionally, Breakfield made reference to the degree of damage inflicted on his truck as evidence tending to show that Redmond's vehicle must have been traveling at a relatively high rate of speed at impact. We find this evidence of Redmond's possible excessive speed to be enough to support an inference that this was the cause of the collision. In that circumstance, it was certainly proper for the trial court to instruct the jury on what result such a factual determination ought to have on the verdict to be returned. Copeland v. City of Jackson, 548 So.2d 970, 973 (Miss.1989).
¶ 15. We observe that the trial court, on Redmond's motion, granted leave for him to appeal the adverse verdict in forma pauperis. The right to appeal a civil case in forma pauperis applies in only *833 very limited circumstances as set out in M.L.B. v. S.L.J. 519 U.S. 102, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996). A personal injury action arising out of a vehicular accident is not, in our view, one of those narrowly-defined cases. We once again extend a note of caution to trial judges as to the propriety of permitting in forma pauperis appeals in cases where it is plainly inappropriate. Slaydon v. Hansford, 830 So.2d 686, 689(¶ 8) (Miss.Ct.App.2002). In view of the fact that no party with standing to do so has raised the issue before this Court, however, we decline to re-tax the costs of the appeal at this late hour on our own motion.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF COVINGTON COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO COVINGTON COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.