# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-IA-01043-SCT

*KENDALL BLAKE, M.D. AND JACKSON BONE &*
*JOINT CLINIC, L.L.P.*

*v.*

*ESTATE OF DAVID ALEXANDER CLEIN, BY*
*AND THROUGH ITS ADMINISTRATRIX,*
*DEBORAH CLEIN*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/28/2008 |
| TRIAL JUDGE: | HON. WILLIAM F. COLEMAN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | STUART ROBINSON, JR. |
| | RICHARD T. CONRAD, III |
| | LEO JOSEPH CARMODY, JR. |
| ATTORNEYS FOR APPELLEE: | LANCE L. STEVENS |
| | RODERICK D. WARD, III |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 06/24/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE WALLER, C.J., RANDOLPH AND CHANDLER, JJ.

## CHANDLER, JUSTICE, FOR THE COURT:

¶1.     Alexander Clein received a $3.5 million verdict in a medical-malpractice lawsuit

against Dr. Kendall Blake and Jackson Bone and Joint Clinic (Dr. Blake) after a jury trial in

the Circuit Court of Hinds County, First Judicial District.  Dr. Blake appealed and, in *Blake*

*v. Clein*, 903 So. 2d 710, 715 (Miss. 2005) (*Blake I*), this Court found that cumulative error

had occurred and reversed and remanded the case for a new trial, taxing the costs of appeal

to Clein. *Id.* at 732. On remand, Dr. Blake moved the trial court to assess the costs of appeal and to bar Clein's further prosecution of the action until the appeal costs were paid. In response, Clein moved to proceed *in forma pauperis* (IFP). Subsequently, Dr. Blake moved to dismiss based on Clein's failure to pay appeal costs within a two-year deadline imposed by Mississippi Code Section 11-3-43. *See* Miss. Code Ann. § 11-3-43 (Rev. 2002). The trial court granted the motion to dismiss, but, on reconsideration, it denied the motion to dismiss and granted Clein's motion to proceed IFP.

¶2. This Court has granted Dr. Blake's petition for an interlocutory appeal. Finding no error, we affirm.

## FACTS

¶3. In ***Blake I***, this Court taxed the costs of appeal to Clein, as the unsuccessful party. *See* Miss. R. App. P. 36(a). On remand, it was established that the appeal costs totaled $153,395.66, which included the cost of a letter of credit that had been required to enable Dr. Blake to secure a supersedeas bond.[1] *See* Miss. R. App. P. 8. Clein moved to set the matter for trial. Dr. Blake opposed the motion, arguing that a statute requires the payment of appeal costs before a new trial may occur, and that if the appeal costs are not paid within two years of the date of the judgment of reversal, the case must be dismissed with prejudice. Miss. Code Ann. § 11-3-43 (Rev. 2002).

---

[1] Dr. Blake submitted the following itemization of appeal costs to the trial court, totaling $153,395.66: appeal bond, $151,295.66; preparation of record, $600; reporter's transcript, $1,400; and filing fees, $100.

¶4.     Clein filed a motion to proceed IFP.  In support of his indigence claim, Clein attached an affidavit of his wife, Deborah Clein (Deborah).[2]  Clein filed his own pauper's affidavit on January 18, 2006.  In response, Dr. Blake contended that a litigant has no right to proceed IFP on remand.  On September 8, 2006, the trial court handed down a memorandum opinion assessing the costs to Clein but holding that, because the initial lawsuit had been reversed and remanded, the second trial would proceed as if from the beginning, and the plaintiff might file anything at that time that he would have been permitted to file at the initial trial, including a pauper's affidavit.  The trial court further found that requiring an indigent litigant to pay appeal costs before trial would effectively deny him access to the courts and would violate the open-courts provision of the Mississippi Constitution.  *See* Miss. Const. art 3, § 24.  The trial court required Clein either to pay the appeal costs or to file a pauper's affidavit[3] within ten days of the entry of an order, and allowed Dr. Blake an opportunity to challenge Clein's indigence claim.  The trial court entered an order on July 11, 2007.  This order taxed the appeal costs submitted by Dr. Blake against Clein, with interest to accrue from and after the date of this Court's mandate.

¶5.     Counsel for Clein filed a suggestion of death, asserting that Clein had passed away on November 25, 2006.  Counsel attached a December 19, 2006, decree granting Deborah letters of administration and authorizing her to pursue the medical-malpractice claim as the

---

[2] Clein was unable to submit a pauper's affidavit at that time because he had been hospitalized.

[3] Mississippi Code Section 11-53-17 provides that a party may proceed without having to prepay fees or give security for costs by filing a pauper's affidavit.  Miss. Code Ann. § 11-53-17 (Rev. 2002).

estate administrator. On July 23, 2007, the Estate filed an amended complaint substituting Clein's estate as plaintiff ("the Estate").

¶6. Dr. Blake filed a motion to dismiss, asserting that more than two years had elapsed since this Court's mandate, and Clein had never paid the appeal costs as required to avoid dismissal under Section 11-3-43. In an amended motion to dismiss, Dr. Blake made the additional argument that the Estate had filed its affidavit of indigency outside the ten-day period imposed by the trial court. In response, the Estate alleged that the reason for the untimely filing was that it had not received a copy of the court order until a routine file check on July 24, 2007. The Estate alleged that, on the same day, July 24, 2007, it had faxed a copy of the pauper's affidavit to opposing counsel, and had hand-delivered a notice of mailing to the circuit clerk. The Estate attached a copy of Deborah's pauper's affidavit, which listed and designated as "loans" certain funds Clein had received from Legal Funding Group in 2004 and 2005, totaling $138,850. These funds had not been listed on the previous pauper's affidavits submitted by Clein and Deborah.

¶7. On August 22, 2007, the trial court granted the motion to dismiss. The court found that the Estate's service of the affidavit upon Dr. Blake was not a filing. The court stated "because the affidavit was not timely filed in accordance with this Court's order and costs have not been paid in accordance with the mandate of the Mississippi Supreme Court, the defendants' amended motion to dismiss is well taken and should be sustained."

¶8. The Estate filed a motion to reconsider. Dr. Blake filed a response with supporting documentation, arguing that Deborah's pauper's affidavit was not truthful and failed to establish the Estate truly was impoverished. Dr. Blake alleged that Deborah had been

4

untruthful in the following respects: (1) in Deborah's pauper's affidavit, she falsely had characterized the money Clein had received from legal funding organizations as "loans," when they actually were investments which Clein had been obligated to repay only in the event of his recovery in the litigation; (2) in her deposition, Deborah had represented that she had no criminal record when, in fact, she had prior convictions for misdemeanor false pretenses; (3) in her pauper's affidavit, Deborah had failed to list the lawsuit she had filed on March 8, 2007, in which she had sought $700,000 in damages from Clein and Nationwide; (4) Deborah had failed to disclose the medical-malpractice lawsuit in her bankruptcy filing.[4] Dr. Blake alleged that this evidence established a pattern of untruthfulness by Deborah, requiring dismissal as a sanction under the inherent powers of the court, or under Mississippi Code Section 11-53-19, which provides that an action may be dismissed if the court is satisfied that an affidavit of poverty is untrue. Miss. Code Ann. 11-53-19 (Rev. 2002). Dr. Blake also argued that the case should be dismissed under the doctrine of judicial estoppel because of Deborah's failure to disclose the lawsuit in her bankruptcy filing.

¶9. After a hearing, on December 10, 2007, the trial court granted Clein's motion for reconsideration, finding that the Estate's claims of indigency and other grounds for dismissal warranted further review. After an evidentiary hearing, the court denied the motion to

_____

[4] While this case was pending, Deborah filed for bankruptcy. Her bankruptcy claim was dismissed on August 16, 2007. Deborah's bankruptcy attorney, Margaret Baxley, submitted an affidavit stating that Deborah had informed her of the medical-malpractice litigation and that Baxley had believed it was not a part of the bankruptcy estate and did not need to be listed on the bankruptcy petition.

dismiss. The court recognized that Deborah had presented false sworn testimony in many instances. Nonetheless, the court found that Dr. Blake had presented no evidence that the affidavit of poverty was untrue. The court found that Deborah's failure to list the unliquidated claim of this lawsuit in the bankruptcy petition and the suit against Clein and Nationwide in the affidavit did not alter the fact that the Estate lacked the funds to pursue the lawsuit. The court found that the sanction of dismissal was unwarranted. The court further found that dismissal based on judicial estoppel for Deborah's failure to include the automobile suit in her bankruptcy petition was not warranted, based on the evidence that Deborah did not disclose the suit based on the advice of counsel; further, the bankruptcy petition was dismissed, so no creditors were harmed by the failure to include the suit. The court refused to dismiss the action under Section 11-3-43, finding that, under the facts presented, dismissal would be harsh and would conflict with the intent of the Legislature. Miss. Code Ann. § 11-3-43 (Rev. 2002).

¶10.   On interlocutory appeal, Dr. Blake argues that the Estate's claims should have been dismissed with prejudice for failure to pay appeal costs within two years as required by Section 11-3-43, that IFP status could not be asserted at the post-appellate stage in a trial on remand, and that the Estate's submission of materially false sworn testimony by Deborah warranted dismissal.

**DISCUSSION**

**I. WHETHER THE TRIAL COURT ERRONEOUSLY ALLOWED THE ESTATE TO PROCEED WITHOUT HAVING PAID APPEAL COSTS WITHIN TWO YEARS OF THE ISSUANCE OF THE SUPREME COURT'S MANDATE.**

6

¶11. Dr. Blake contends that Mississippi Code Section 11-3-43 requires the dismissal of this action with prejudice. It states:

> In all cases in which the Supreme Court shall reverse the judgment or decree of the court below, and remand the cause to be proceeded within such court, or remand a cause for further proceedings, the Clerk of the Supreme Court shall prepare and certify a copy of the opinion of the Supreme Court in the case, and send it, with the mandate of the judgment or decree rendered in the cause by the Supreme Court, to the clerk of the court from which the cause was brought, or to which it may be remanded. The copy of the opinion furnished shall be preserved by the clerk to whom it is delivered, for the use of the court and parties in the case.
>
> But in all cases wherein the appellant has paid the costs of his appeal and is the successful litigant and the action is reversed and remanded for further proceedings, with costs taxed against the appellee, the action shall not proceed further before the trial court, on application of the appellee, until the appellee has paid to the clerk of the trial court, for the benefit of the appellant, the costs so paid by the appellant in perfecting his successful appeal. Should the appellee fail to make such a refund of costs to the trial court within two (2) years next after the date of the judgment of reversal and remand by the Supreme Court, the appellee, his heirs or assigns, shall not thereafter be entitled to proceed further at his own instance and the appellee's right of action, as well as his remedy, shall be forever barred and extinguished.

Miss. Code Ann. § 11-3-43 (Rev. 2002). Dr. Blake requests that this Court reverse the judgment of the trial court, dismiss the action with prejudice, and remand to the trial court with instructions to enter a judgment against the Estate for the total appeal costs, plus collection fees and interest.

¶12. Mississippi Rule of Appellate Procedure 36 governs appeal costs. Rule 36(a) provides for the taxation of costs of appeal to the losing party unless otherwise agreed upon by the parties or ordered by the appellate court. Miss. R. App. P. 36(a). The costs taxable on appeal include "the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal." Miss. R. App. P. 36(c). A party seeking relief from the appellate court's

7

taxation of costs must pursue relief in the appellate court, either by filing a motion to retax costs or by filing a motion for rehearing in the appropriate circumstance. Miss. R. App. P. 36(d). However, "[a] party who is not aggrieved by the opinion or mandate but who seeks relief as to any other matter involving costs shall seek relief in the trial court." *Id.*

¶13.   The Estate has never disputed its liability to pay the appeal costs taxed by this Court in *Blake I*.[5]  Instead, the Estate moved the trial court to allow the case to proceed to trial without prepayment of appeal costs on the ground of indigency.  The Estate filed affidavits of poverty which the trial court found had established its entitlement to IFP status.

¶14.   Concerning the trial court's taxation of costs, this Court has stated that "the inability of the losing party to pay [should] be considered." *Northern Elec. Co. v. Phillips*, 673 So. 2d 1384, 1386 (Miss. 1996). In *Northern Electric*, this Court granted the plaintiff/appellee's motion to retax the premiums for a supersedeas bond and remanded to the trial court for a determination, in that court's discretion, of whether the plaintiff/appellee was able to pay the premiums of the supersedeas bond. *Id.*  In the instant case, the trial court already has determined that the appeal costs include the cost of the supersedeas bond. However, the trial court also has determined that, due to the Estate's indigency, the trial should proceed without prepayment of the appeal costs. This decision was within the trial court's discretion to afford relief in matters involving costs under Rule 36(d). We direct the trial court on remand to enter a judgment taxing the appeal costs previously assessed against Clein to the Estate. *See*

---

[5] In the trial court, the Estate contested the amount of the appeal costs by challenging the taxation of the cost of obtaining the supersedeas bond.  The trial court held that the cost of the supersedeas bond was properly taxed to the Estate as part of the appeal costs because Clein had not waived supersedeas.  This ruling has not been challenged in this appeal.

Miss. R. App. P. 36(c). We make it clear that our ruling is based upon Rule 36(d), notwithstanding our citation to Section 11-3-43. We need not address the constitutionality of Section 11-3-43 under separation of powers, because that issue was not raised.

## II. WHETHER THE TRIAL COURT ERRED BY FINDING THAT A PARTY MAY PROCEED AFTER REMAND FOR A NEW TRIAL.

¶15. Dr. Blake argues that a litigant wishing to proceed IFP must do so at the commencement of the civil action, and may not assert IFP status during proceedings ordered by the appellate court on remand. Dr. Blake cites Rule 3(c) of the Mississippi Rules of Civil Procedure, which states:

> If a pauper's affidavit is filed in the action the costs deposit and security for costs may be waived. The court may, however, on the motion of any party, on the motion of the clerk of the court, or on its own initiative, examine the affiant as to the facts and circumstances of his pauperism.

Miss. R. Civ. P. 3(c). Rule 3(a) states "[a] civil action is commenced by filing a complaint with the court." "The purpose of Rule 3(a) is to establish a precise date for fixing the commencement of a civil action." Miss. R. Civ. P. 3 cmt. Rule 3 bears the heading "Commencement of Action." Dr. Blake argues that, "given that Rule 3 addresses the commencement of the action, it follows that pauper status must be present at the outset of the case."

¶16. The language of Rule 3 does not limit a litigant's ability to assert IFP status to the "commencement of the action" such that a litigant could not assert IFP status during proceedings on remand to the trial court. In fact, Rule 3 imposes no time limit for asserting IFP status. The rule permits the cost deposit and the security for costs to be waived if "a

9

pauper's affidavit is filed in the action." Miss. R. Civ. P. 3(c). The trial court's decision to permit the Estate to proceed IFP in the proceedings on remand did not contravene Rule 3.

¶17. Dr. Blake argues that a party may not assert IFP status on remand, because Mississippi Rule of Appellate Procedure 6 allows for IFP appeals from criminal, not civil, cases. With this argument, Dr. Blake mistakenly characterizes proceedings on remand as appellate proceedings. It is the general rule in civil cases that a new trial on remand is a trial de novo on all issues. *Weems v. Am. Sec. Ins. Co.*, 486 So. 2d 1222, 1226 (Miss. 1986). In this case, this Court reversed and remanded for a new trial, and the proceedings in the trial court on remand cannot be considered to be a mere extension of the appeal. Moreover, the Mississippi Rules of Appellate Procedure apply to "procedure in appeals to the Supreme Court . . . and the Court of Appeals . . . , and procedures on petition for writs or other relief which the Supreme Court or the Court of Appeals or a justice of the supreme court or judge of the court of appeals is empowered to grant." Miss. R. App. P. 1. The Rules further state that, if the appellate rules provide for a motion to be filed in the trial court, then the procedures for making the motion are to be in accordance with the practice of the trial court. *Id.* Thus, Rule 6 of the Mississippi Rules of Appellate Procedure is not applicable to the proceedings on remand.

¶18. This Court has held that a civil litigant may proceed IFP at the trial level, but not on appeal, *Ivy v. Merchant*, 666 So. 2d 445, 447 (Miss. 1995), but has never expressly decided whether a party, not previously deemed a pauper, may seek and obtain IFP status in the trial court before the commencement of a new trial on remand. Dr. Blake cites a Court of Appeals opinion, *Slaydon v. Hansford*, 830 So. 2d 686 (Miss. Ct. App. 2002), for the proposition that

a litigant may not proceed as a pauper on remand. In *Slaydon*, a civil litigant obtained a trial-court order granting permission to appeal IFP, and in reversing, the Court of Appeals stated that a civil litigant's right to proceed as a pauper "does not extend beyond the *initial* trial of the matter." *Id.* at 689 (emphasis added). For this proposition, the Court of Appeals cited *Moreno v. State*, 637 So. 2d 200, 202 (Miss. 1994). This Court in *Moreno* held that "any right to proceed *in forma pauperis* in other than a criminal cases exists only at the trial level." *Id.* The Court did not state that the right did not reach beyond the *initial* trial of the matter. The Court of Appeals in *Slaydon* improperly extended this Court's holding in *Moreno*.

¶19. We now clarify that nothing in our rules or caselaw prohibits a litigant from proceeding IFP in proceedings in the trial court ordered by this Court on remand for a new trial. As the trial court recognized, when a case has been remanded for a new trial, the new trial proceeds de novo, or as if the case were being tried for the first time. *West v. State*, 519 So. 2d 418, 425 (Miss. 1988)). Additional pleadings and evidence are components of a new trial on remand. *Sperry's Estate v. Sperry*, 189 Miss. 321, 96 So. 653, 656 (1940). A new trial allows for the "change in the conditions on which the lawsuit was initially based" including a change in the condition of a party, such as a widow's remarriage. *Campbell v. Schmidt*, 195 So. 2d 87, 90 (Miss. 1967). It is foreseeable that a previously solvent party might become indigent before the occurrence of a new trial. We hold that, in proceedings on remand for a new trial, a litigant may seek and obtain IFP status.

### III. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT DEBORAH'S SUBMISSION OF FALSE SWORN TESTIMONY DOES NOT WARRANT DISMISSAL.

11

¶20. Dr. Blake challenges the trial court's finding that, although Deborah submitted false testimony, dismissal was not warranted. The trial court found that Deborah had failed to disclose in her pauper's affidavit her pending lawsuit against Clein and Nationwide in which she had demanded a $700,000 judgment. The trial court also found that Deborah's listing of "loans" from legal funding groups in her June 25, 2007, affidavit contradicted her initial affidavit in which she had stated she had no stocks, bonds, investments, or other financial instruments. The trial court found that e-mail correspondence between Deborah and one of the legal-funding entities showed that Deborah had testified falsely under oath during her August 3, 2007, deposition when she denied having spoken to any of these entities. The trial court found Deborah also had lied at her deposition when she had denied having any prior criminal convictions, but in fact had pleaded guilty to false pretenses in December 2004. Finally, the trial court found Deborah had failed to reveal her pending lawsuits in her bankruptcy petition. Despite finding that Deborah had provided false sworn testimony on several occasions, the trial court held that this did not "outweigh the apparent insolvency of the Estate and Deborah Clein individually." The trial court found that the sanction of dismissal was unwarranted, nor was dismissal warranted under the doctrine judicial estoppel, as Deborah's failure to include her pending lawsuits in her bankruptcy petition was on the advice of counsel and did not prejudice her creditors because the petition was dismissed.

¶21. Dr. Blake argues that the trial court should have dismissed the lawsuit with prejudice under its inherent powers as a sanction for Deborah's false sworn testimony. "This Court reviews a trial court's imposition of sanctions for abuse of discretion." *Wyssbrod v. Wittjen*, 798 So. 2d 352, 357 (Miss. 2001). Dr. Blake cites two cases involving dismissal as a

sanction for untruthful discovery responses under Mississippi Rule of Civil Procedure 37, *Scoggins v. Ellzey Beverages, Inc.*, 743 So. 2d 990, 997 (Miss. 1999), and *Pierce v. Heritage Properties, Inc.*, 688 So. 2d 1385, 1390 (Miss. 1997). In *Scoggins*, this Court held that a plaintiff's willful and prejudicial failure to disclose pre-existing injuries in her discovery responses warranted the sanction of dismissal with prejudice. *Scoggins*, 743 So. 2d at 994. In *Pierce*, the plaintiff willfully failed to disclose in discovery responses the persons present during the accident, warranting dismissal with prejudice. *Pierce*, 688 So. 2d at 1388. These cases are inapposite, because the trial court dismissed each action due to the plaintiff's material misrepresentations pertaining to the merits of the underlying claim. In this case, Deborah's misrepresentations did not pertain to the merits of her medical-malpractice claim. We find that the trial court was within its discretion in refusing to impose the ultimate sanction of dismissal.

¶22. Dr. Blake also argues that the trial court erred by finding that, despite Deborah's numerous false sworn statements, the Estate's allegation of poverty was not untrue. Dr. Blake contends that the affidavit drastically overstated the Estate's debts by characterizing money Clein received from legal funding entities as loans received from creditors. At the hearing, counsel for the Estate explained that he had not advised Deborah to include these funds on her initial affidavit because they might not have to be repaid, but counsel had reconsidered the importance of the funds as a potential debt of the estate when Deborah had executed the second affidavit. Dr. Blake argues that Deborah tried to persuade the court that the estate owed debts totaling $136,850, plus fees and interest, but in her deposition, Deborah

13

admitted these funds would have to be repaid only in the event of a recovery in the medical-malpractice case.

¶23.    Mississippi Code Section 11-53-17 provides:

> A citizen may commence any civil action, or answer a rule for security for costs in any court without being required to prepay fees or give security for costs, before or after commencing suit, by taking and subscribing the following affidavit:

> "I, _____, do solemnly swear that I am a citizen of the State of Mississippi, and because of my poverty I am not able to pay the costs or give security for the same in the civil action (describing it) which I am about to commence (or which I have begun, as the case may be) and that, to the best of my belief, I am entitled to the redress which I seek by such suit."

Miss. Code Ann. § 11-53-17 (Rev. 2002).  Mississippi Rule of Civil Procedure 3(c) provides that "the court may, on the motion of any party . . . examine the affiant as to the facts and circumstances of his pauperism."  The comment to Rule 3 provides that Rule 3(c) accords with Mississippi Code Sections 11-53-17 and 11-53-19.  Miss. R. Civ. P. 3 cmt.  Section 11-53-19 states that "[t]he court may dismiss an action commenced or continued on affidavit of poverty, if satisfied that the allegation of poverty was untrue." Miss. Code Ann. § 11-53-19 (Rev. 2002).  The trial court's determination of whether a pauper's affidavit is untrue is a fact-finding that must be afforded deference on appellate review if the finding is supported by "substantial, credible and reasonable evidence." ***Upchurch Plumbing, Inc. v. Greenwood Util. Comm'n***, 964 So. 2d 1100, 1107 (Miss. 2007).  This Court has reversed the trial court's determination that a pauper's affidavit was untrue when the evidence was insufficient to support the finding.  ***Carroll v. Louisville & N.R. Co.***, 154 Miss. 188, 122 So. 469, 470 (1929).

¶24. We find that sufficient evidence supported the trial court's decision that the Estate's allegation of poverty was not untrue. Before ruling, the trial court was fully apprised of the actual nature of the Estate's obligations to the legal funding entities, and it was aware that the Estate did not have to repay the legal funding "loans" unless it recovered in the litigation. Counsel for the Estate informed the trial court that the cash Clein had recieved from the legal funding entities had been dissipated. The trial court also was confronted with the affidavit setting out debts of $68,000 to $69,000 to Regions Bank that were eight months behind in payments, a Medicare lien of $791.29, and more than $150,000 in appeal costs. Deborah's only source of funds was $2,067 per month in Social Security disability payments for herself and her dependents. She had medical debts, and her costs for prescriptions totaled $500 per month. Deborah stated that she was responsible or partly responsible for the support of eight people, including her children and grandchildren. She owned two used vehicles and her residence in Pearl, Mississippi. This information in Deborah's affidavit was corroborated by her deposition testimony and the prior pauper's affidavits of herself and Clein. The evidence was sufficient to support the trial court's finding that the Estate's claim of poverty was not untrue.

## CONCLUSION

¶25. This Court finds that the trial court was within its discretion in allowing the Estate to proceed to trial without prepayment of appeal costs. Miss. R. App. P. 36(d). Moreover, a litigant may proceed as a pauper in proceedings on remand for a new trial. Finally, the evidence was sufficient to support the trial court's determination that the Estate's claim of

15

poverty was not untrue.  We direct the trial court on remand to enter a judgment taxing the

appeal costs previously assessed against Clein to the Estate.

**¶26.    AFFIRMED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR, KITCHENS AND PIERCE, JJ., CONCUR.**