904 So.2d 1195 (2004)
Vanessa R. DANIELS, Appellant
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION, Appellee.
No. 2003-CC-02194-COA.
Court of Appeals of Mississippi.
November 2, 2004.
*1196 Vanessa R. Daniels, appellant, pro se.
Albert B. White, Madison, attorney for appellee.
Before KING, C.J., IRVING and MYERS, JJ.
KING, C.J., for the Court.
¶ 1. Vanessa Daniels appeals pro se, from the denial of unemployment benefits and asserts the following assignment of error:
I. Whether the circuit court erred in finding that she voluntarily quit her employment.

STATEMENT OF FACTS
¶ 2. Vanessa Daniels worked as a driver for NTC Transportation, Inc., from June 23, 2002, until December 5, 2002. On November 29, 2002, Daniels left her employment after NTC denied her extra pay for working Thanksgiving Day. Daniels was informed that holiday pay was only allowable if she had also worked the day prior to the holiday, which she had not. On December 6, 2002, Daniels filed a claim for unemployment benefits. On December 20, 2002, the claims examiner found that Daniels voluntarily left her employment because she felt that she was not being adequately compensated by her employer. Therefore her claim for benefits was denied. Daniels appealed the claims examiner's decision and a hearing was conducted on January 23, 2003, before an appeals referee. Both Daniels and her former employer, Jackie Netterville, were present at the hearing.
¶ 3. Daniels testified that at a mandatory company meeting Netterville told the NTC employees if they would voluntarily work on Thanksgiving Day they would be paid time and one-half. Daniels worked Thanksgiving Day, but was not paid time and one-half as she claimed Netterville promised. Netterville testified that company policy required an employee to work the day before the holiday in order to receive time and one-half pay. Daniels denied any knowledge of such a company policy. After determining that her check did not include the anticipated holiday pay Daniels clocked out and never returned to work.
¶ 4. Netterville testified that Daniels was called several times for work assignments. However, after being unable to reach her he assumed that she had quit. Netterville stated Daniels was never fired and even stated "[s]he can have a full time job now."
¶ 5. The appeals referee denied the claim and made the following findings:
There is no evidence to show that continued employment with this employer would have been a detriment to the claimant's health, safety, or morals. The job continued, and the claimant, by her own choice, is unemployed simply because she not believe she was justly compensated for working Thanksgiving day
¶ 6. Daniels appealed to the MESC Board of Review which on March 20, 2003, adopted the opinion of the appeals referee. On July 28, 2003, the Circuit Court of *1197 Washington County affirmed the decision of the MESC and Daniels appeals.

ISSUES AND ANALYSIS
¶ 7. Daniels did not file a brief, but submitted a letter and a copy of several documents relating to the denial of unemployment benefits. In her appeal to this Court Daniels seems to argue that she left employment with NTC due to a work-related medical condition. In her letter, Daniels asserts that she left her employment due to emotional fatigue after finding out she did not get paid time and one-half for working Thanksgiving Day.
¶ 8. "Unemployment benefits are available for employees who leave work involuntarily, through no fault of their own." Mills v. Miss. Employment Sec. Comm'n, 228 Miss. 789, 797, 89 So.2d 727, 729 (1956). An employee is disqualified from receiving unemployment benefits if the person left the job voluntarily without good cause. Miss.Code Ann. § 71-5-513(A)(1)(a) (Supp.2003). "The burden of proof of good cause for leaving work shall be on the claimant, and the burden of proof of misconduct shall be on the employer." Miss.Code Ann. § 71-5-513(A)(1)(c) (Supp.2003). "The Board's findings of fact are conclusive if supported by substantial evidence and without fraud." Hoerner Boxes, Inc. v. Miss. Employment Sec. Comm'n, 693 So.2d 1343, 1347 (Miss.1997). The Board's finding that an employee has quit work voluntarily without good cause is a question of fact that will be affirmed if supported by substantial evidence. Huckabee v. Miss. Employment Sec. Comm'n, 735 So.2d 390, 394 (¶ 14) (Miss.1999).
¶ 9. Daniels testified that NTC's refusal to pay her time and one-half for having worked on Thanksgiving Day caused her to feel mistreated. Daniels' feeling that she was mistreated by NTC may have been appropriate. This Court has previously held that an isolated incident of misconduct by the employee does not generally disqualify him from receiving the benefit of unemployment compensation. Gore v. Mississippi Employment Sec. Com'n, 592 So.2d 1008 (Miss.1992). Likewise, an isolated incident of feeling mistreated by the employer, without more, is not a justification for voluntarily leaving employment, which would allow the employee to receive unemployment compensation. Although Daniels claims on appeal that she left work due to work-related health conditions, that claim is not substantiated by the record before this Court.
¶ 10. Finding the decision of the Board of Review to be supported by substantial evidence, this Court is compelled to affirm the denial of benefits.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS AFFIRMED.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.