United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10152
Summary Calendar

MARCELINO MARTINEZ,

                              Plaintiff-Appellant,

versus

FNU LUEVA; Officer FNU GONZALEZ; JOHN DOE,
Parole Officer; FNU GARRISON; FNU ORTIZ; FNU
GARCIA; Warden FNU ANDERSON; BILL CHEATHAM,
SCC; JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
JOHN DOE, SCC; JANE DOE,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CV-126
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

    Marcelino Martinez, Texas prisoner #526628, appeals the

dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant

to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b)(1), and 42

U.S.C. § 1997e(c)(1)-(2).  We review the magistrate judge's

dismissal de novo.  Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir.

2005).

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez argues that "prison officials" denied him access to courts because they caused Cause No. 5:01-cv-003BG, a civil suit he filed in the Northern District of Texas, to be voluntarily dismissed in April 2001. Because the dismissal was without prejudice, Martinez has failed to show how he was actually injured by the dismissal or why he could not have refiled the suit. See Lewis v. Casey, 518 U.S. 343, 351 (1996).

Martinez also argues that the magistrate judge erred in denying his claim of excessive force on July 7, 2002. The magistrate judge rejected this excessive force claim after conducting a Spears[**] hearing and after reviewing authenticated prison records. According to the magistrate judge, the records indicated that Martinez's injury was self-inflicted and that he refused medical treatment for the injury.

On appeal, Martinez asserts, inter alia, that the injury was not self-inflicted and that he did not refuse medical treatment for the wound. He also asserts that the medical records relied upon by the magistrate judge in denying his excessive force claim were false and unauthenticated.

The appellate record does not contain a tape or transcript of the Spears hearing in this case. In addition, the appellate record does not contain the prison records relied upon by the magistrate judge in denying this excessive force claim. Thus, the appellate record is inadequate for this court to conduct a

---

[**] Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).

meaningful appellate review of this issue.  Accordingly, without taking any position regarding the propriety of the dismissal of this claim, we VACATE the judgment of the magistrate judge in part and REMAND the case to the district court for further development of the record with respect to this excessive force claim.  See Madison v. Parker, 104 F.3d 765, 769 (5th Cir. 1997).

Martinez argues that he was labeled a snitch by prison officials so he would be harmed by other inmates, that prison employees put out a "hit" on him, that an unnamed parole officer discussed personal details about himself and his family outside of his cell within hearing distance of inmates who wanted to harm him, and that prison officials failed to protect him from harm by refusing to relocate him away from his enemies.  The dismissal of Martinez's claims of danger from other inmates allegedly created by prison officials and an unnamed parole officer was proper as the only physical injuries allegedly suffered in connection with those claims were self-inflicted.  See Geiger, 404 F.3d at 375.  Moreover, to the extent Martinez sought injunctive relief, the denial of such relief was proper because Martinez has been transferred out of the Smith Unit and thus, was no longer in any danger from the personnel or inmates housed there.  See id.

The magistrate judge did not abuse her discretion in denying Martinez's motions to amend and supplement his complaint, which included claims against personnel at the Connally Unit of the TDCJ-CID.  See Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242,

245 (5th Cir. 1997); Burns v. Exxon Corp., 158 F.3d 336, 343 (5th Cir. 1998).  Neither did the magistrate judge abuse her discretion in not appointing counsel for Martinez.  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Martinez's remaining claims before the magistrate judge have been abandoned because he fails to mention them entirely or because they are not adequately briefed.  See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Moreover, to the extent he argues that he exhausted all of his claims but does not address the magistrate judge's alternative dismissal of those claims on the merits, those claims have been abandoned.  Id.

Martinez's claim that the district court failed to let him object to the magistrate judge's findings and conclusions of law is without merit because Martinez consented to have the case decided by the magistrate judge and thus, the magistrate judge's factual findings and conclusions of law constituted a final judgment.  28 U.S.C. § 636(c).  His claims that, since the magistrate judge has denied his 42 U.S.C. § 1983 suit, he has been denied access to courts and that prison officials have used excessive force against him are raised for the first time on appeal and will not be considered.  Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998); Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

VACATED AND REMANDED IN PART; AFFIRMED IN PART; MOTION FOR APPOINTMENT OF COUNSEL DENIED.