940 So.2d 961 (2006)
Lawunda C. JONES, Appellant,
v.
B.L. DEVELOPMENT CORPORATION and Jimmy Miller, Appellees.
No. 2005-CA-00955-COA.
Court of Appeals of Mississippi.
October 24, 2006.
*963 Robert G. Johnston, Cleveland, attorney for appellant.
Lorrie K. Ridder, Jennifer M. Bermel, attorneys for appellees.
Before KING, C.J., GRIFFIS and BARNES, JJ.
GRIFFIS, J., for the Court.
¶ 1. Lawunda C. Jones commenced a lawsuit against her employer, B.L. Development Corporation ("B.L. Development"), and her supervisor Jimmy Miller. After discovery, the circuit court granted a summary judgment in favor of B.L. Development and a partial summary judgment in favor of Miller. The court certified the judgment as a final judgment under M.R.C.P. 54(b). From this judgment, Jones appeals.

FACTS
¶ 2. Jones was employed as a slot supervisor at the Grand Casino in Robinsonville, Mississippi. Her employer was B.L. Development. Miller was her shift supervisor.
¶ 3. Jones alleged that she was sexually harassed by Miller over a nine month period, from January 2001 to September 2001. Jones asserted that Miller would grab her breasts, legs, and buttocks. He would put his hand in her blouse and bra. He would make vulgar statements to her regarding oral and anal sex. Jones claimed that this conduct occurred in the presence of other B.L. Development employees and shift managers during pre-shift meetings. Jones claimed that Miller's conduct was not restricted toward her. She contended that there were several other slot supervisors who worked under him, and Miller would do the same things to them. Miller would engage his employees in sexual conversations during every pre-shift meeting, complaining about the things his wife would not do and asking the women if they would do them.
¶ 4. Jones did not report the harassment for a while, because she believed she could put a stop to it. She also believed Miller's supervisor Rhonda Kennedy would not do anything about it. Whenever Jones would stand up to Miller, he would retaliate by refusing to let her have personal calls. Finally, Jones reported the conduct to Kennedy in September. Kennedy said she knew about it. Kennedy reported the incident to her supervisor Jerry Artigere, who suspended Miller for one week and changed Miller to a different shift. After this, Miller stopped harassing Jones.
¶ 5. Jones also claimed that, after she reported Miller, other of her supervisors ostracized her for getting Miller in trouble and wondered if she was filing a lawsuit. B.L. Development further retaliated against her by refusing to give her the same benefits as the other slot supervisors, such as paid time off.
¶ 6. Jones filed this action and asserted claims for violation of Title VII, assault, battery, negligence per se, intentional and negligent infliction of emotional distress. B.L. Development and Miller filed motions for summary judgment. The circuit court granted B.L. Development's motion for summary judgment as to all claims filed *964 against it. The circuit court denied Miller's motion for summary judgment "as to the issue of negligent infliction of emotional distress" and granted partial summary judgment as to all other claims against Miller.

STANDARD OF REVIEW
¶ 7. This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment and examines all the evidentiary matters before itadmissions in pleadings, answers to interrogatories, depositions, affidavits, etc. McMillan v. Rodriguez, 823 So.2d 1173, 1176-77(¶ 9) (Miss.2002) (citations omitted). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. at 1177(¶ 9). If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his or her favor. Id. Issues of fact sufficient to require reversal of a summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. Id.

ANALYSIS
¶ 8. In her brief, Jones acknowledges that she had no authority to counter B.L. Development's motion for summary judgment that claimed her Title VII claim was barred, and she does not challenge this issue on appeal. Jones also stated that she does not argue that the claim of common law assault and battery is not barred. Thus, according to Jones, there are four torts for us to consider on appeal: (1) intentional infliction of emotional distress, (2) negligent infliction of emotional distress, (3) negligence for violating the simple assault statute, and (4) negligence for violating the stalking/harassment statute. We will follow this order in discussing the issues raised on appeal.
1. Whether Jones's claim for intentional infliction of emotional distress was governed by the one-year statute of limitations?
¶ 9. Jones claims that it was error for the court to grant summary judgment on her claim for intentional infliction of emotional distress. She argues that the intentional infliction of emotional distress claim is subject to the three-year statute of limitations. Also, Jones argues that this claim does not require a physical manifestation of the injury and, even if it did, she presented evidence of physical manifestation. Miller argues the intentional infliction claim is barred by the one-year statute of limitations.
¶ 10. In granting summary judgment, the court determined that Mississippi Code Annotated Section 15-1-35 barred Jones' claim for intentional infliction of emotional distress. Section 15-1-35 provides:
All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.
The court recognized that the claim asserted was not specifically enumerated in Section 15-1-35. However, the court determined that a claim for intentional infliction of emotional distress is subject to the one-year statute of limitations in Section 15-1-35 and relied on City of Mound Bayou v. Johnson, 562 So.2d 1212, 1217-18 (Miss. 1990) and Air Comfort Sys., Inc. v. Honeywell, Inc., 760 So.2d 43, 47 (Miss.Ct.App. 2000).
*965 ¶ 11. In City of Mound Bayou, the supreme court determined that Section 15-1-35 applies to all intentional torts which are substantially like those enumerated in the statute. City of Mound Bayou, 562 So.2d at 1217-18. In Air Comfort Systems, this Court held:
Negligent misrepresentation and negligent infliction of emotional distress are governed by the "catch-all" three-years statute. Miss Code Ann. § 15-1-49; see Norman v. Bucklew, 684 So.2d 1246, 1256 (Miss.1996); City of Mound Bayou v. Johnson, 562 So.2d 1212, 1217 (Miss. 1990). If the claim is seen as intentional and not negligent infliction of emotional distress, a one-year statute of limitations applies. Miss.Code Ann. § 15-1-35 (Rev.1995); see Nichols v. Tri-State Brick & Tile Co., 608 So.2d 324 (Miss. 1992).
Air Comfort Sys., Inc., 760 So.2d at 47(¶ 19).
¶ 12. In 2001, a federal district court judge noted a conflict of Mississippi law, between the supreme court and this Court, and determined that the Mississippi Supreme Court had applied the three year statute of limitations to an intentional infliction of emotional distress claim in Norman. Hubbard v. Miss. Conf. of United Methodist Church, 138 F.Supp.2d 780, 781 (S.D.Miss.2001). Jones's argument rests on this conflict.
¶ 13. We examined this in Slaydon v. Hansford, 830 So.2d 686 (Miss.Ct.App. 2002). This Court held "[t]he statute of limitations for intentional infliction of emotional distress is also one year." Id. at 688(¶ 5) (citing McCorkle v. McCorkle, 811 So.2d 258, 263(¶ 11) (Miss.Ct.App.2001)). In a concurring opinion, in Slaydon, Judge Southwick elaborated on the problem with the supreme court's language used in Norman when he noted:
Discussing the statute of limitations on a wide array of claims . . . the [Norman] court closed by stating that the "negligence and intentional and/or negligent infliction of emotional distress claims are governed by the three year statute of limitations." There is no authority cited anywhere in the opinion as to why that is the statute of limitations for intentional infliction of emotional distress. That one phrase, in which the intentional tort is joined with the negligent one as well as general negligence, is what causes the uncertainty. The phrase itself is clear, but it is also casual.
Our duty as an intermediate appellate court is not to read any precedent in isolation. . . . When [the Norman court] grouped intentional infliction of emotional distress with certain negligence claims, the Court made no attempt to either undertake or reject the analysis it had a few years earlier decreed was to be followed for determining when the one-year statute on certain intentional torts applies. . . . First the one year statute does not apply to all intentional torts. Nichols v. Tri-State Brick & Tile Co., 608 So.2d 324, 333 (Miss.1992). Instead "if the conduct alleged may be fairly categorized as one of the enumerated torts, the one-year statute applies." Id.

Id. at 690 (¶¶ 13-14). We follow our prior decision in Slaydon and will apply the one-year statute of limitations to claims for intentional infliction of emotional distress.
¶ 14. Here, the evidence indicated that the last instance of Miller's conduct occurred on September 10, 2001. Jones did not file her complaint until January 2003. Therefore, based on Slaydon, Jones's claim for intentional infliction of emotional distress is time-barred. We affirm as to this issue.
*966 2. Whether summary judgment was appropriate on Jones's claim for negligent infliction of emotional distress against B.L. Development?
¶ 15. We begin this issue by noting that the court bifurcated its analysis on the motion of summary judgment. The court examined Jones's claim of negligent infliction of emotional distress against Miller and separately examined Jones's claim against Miller's employer, B.L. Development. On the claim against Miller, the court denied the motion finding that there was a genuine issue of material fact in dispute. M.R.C.P. 56. This conclusion is not an issue on this appeal. On the claim against B.L. Development, the court granted the summary judgment and determined that there was no evidence that B.L. Development was aware of Miller's misconduct until September of 2001 when Jones reported it.
¶ 16. Jones alleges it was error to grant summary judgment to B.L. Development, because there was sufficient evidence presented to show there was a genuine issue of a material fact as to whether the sexual harassment was committed within the course and scope of Miller's employment and in furtherance of B.L. Development's business and/or whether B.L. Development knew or should have known of Miller's propensity to sexually harass fellow employees. Thus, Jones claims that B.L. Development was vicariously liable for Miller's misconduct and liable in its own right.
¶ 17. As Miller's employer, B.L. Development is vicariously liable for the negligent acts of its employees which were committed within the employee's scope of employment. Odier v. Sumrall, 353 So.2d 1370, 1372 (Miss.1978). An employer is likewise vicariously liable for intentional torts committed in the course and scope of employment, or for those it authorized, or for those it ratified. McClinton v. Delta Pride Catfish, Inc., 792 So.2d 968, 976 (Miss.2001). Where an employer learns of the past intentional conduct and does nothing to reprimand the employee, this acts as a ratification. Royal Oil Co. v. Wells, 500 So.2d 439, 446 (Miss.1986); Allen v. Ritter, 235 So.2d 253, 255-56 (Miss.1970).
¶ 18. Here, Jones presented evidence that three supervisors knew of Miller's conduct, including Miller's immediate supervisor Rhonda Kennedy. Jones testified that several of the actions took place in front of assistant shift managers Roy McGee and Clint Blayde. She also testified that when she formally reported the incident to Miller's supervisor, Kennedy admitted to having known of Miller's actions. Nothing was done to Miller until Jones reported this incident to Kennedy's superior Jerry Artigere. There was also testimony that Miller's conduct was so notorious around the office that everyone knew about it.
¶ 19. Was this conduct within the course and scope of Miller's employment? Mississippi has relied on the Restatement of Agency to determine the scope of employment. Marter v. Scott, 514 So.2d 1240, 1242-43 (Miss.1987). To be within the scope of employment, the act must be (1) the kind he is employed to perform, (2) occur substantially within the authorized space and time limits, (3) actuated, at least in part, by a purpose to serve the master, (4) and if force is intentionally used, it is not unexpected by the master. Id. (quoting Restatement of Agency § 228 (1958)). The general rule is that sexual harassment by a supervisor is not conduct within the scope of employment. Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 757, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Jones's claim is no different. It fails on the third prong. There is no evidence that Miller's conduct was actuated *967 in part by a purpose to serve B.L. Development.
¶ 20. However, "scope of employment does not define the only basis for employer liability under agency principles." Id. at 758, 118 S.Ct. 2257. A master is subject to liability for the torts of his servant committed outside the scope of employment if the servant was aided in accomplishing the tort by the existence of the agency relation. Id. (quoting Restatement of Agency § 219(2)). This standard requires something more than the mere existence of the employment relation itself. Id. at 760, 118 S.Ct. 2257. In cases where a supervisor takes a tangible employment action against an employee, beyond question, that conduct was aided by the agency. Id.
¶ 21. Here, Miller was Jones's superior. The evidence indicated that when Jones would assert herself and tell Miller to leave her alone, she was denied certain privileges or given extra work. He would call her in his office to train her on counseling her inferiors or on how to work, during which time he would harass her. Further, the evidence was that the slot cards were placed in Miller's possession, near his desk. Whenever Jones needed to get one, Miller would use the opportunity to grab her. He would also use the paging system to harass Jones. When he would page her, Jones called in, and Miller would give her instructions and then end the conversation with lewd comments to her. Finally, the evidence indicated that Miller used pre-shift meetings as his personal forum to speak, and he would engage his employees in lewd conversations about sex, proposition Jones, and grab her in front of the other employees.
¶ 22. We find that this evidence is sufficient evidence to create a genuine issue of material fact as to whether B.L. Development was liable for Miller's misconduct as to the claim for negligent infliction of emotional distress. We reverse summary judgment on this issue and remand for further proceedings.
3. Whether Jones's claims of "negligence" for violations of the simple assault statute are barred by the statute of limitations?
¶ 23. The circuit court answered this question in the affirmative. The court determined that the statute of limitations, in Mississippi Code Annotated Section 15-1-35, barred Jones's claims for common law assault and battery and statutory simple assault. Section 15-1-35 provides:
All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.
The court concluded that the "alleged torts of which [Jones] complains occurred no later than September 7, 2001. Hence any action for common law assault or simple assault should have been filed by September 7, 2002. In this case, [Jones] did not file the claim until March 26, 2003."
¶ 24. On appeal, Jones argues that a violation of a criminal statute is negligence per se, and each statute gives right to a private civil cause of action. B.L. Development characterizes this issue as whether Jones can couch her intentional tort claims in terms of negligence per se to avoid the one-year statute of limitations where she makes allegations of strictly intentional conduct regarding violations of the assault and harassment statutes. Thus, Jones argues that the court was incorrect to apply the one-year intentional tort statute of limitations, Section 15-1-35, instead of the *968 general three-year catch-all statute of limitations, Section 15-1-49.[1]
¶ 25. In City of Mound Bayou, the court held:
[i]t is true that there is a certain amount of negligence language trailing along in Johnson's [the plaintiff] complaint. This is of no moment, as there can be no escape from the bar of the statute of limitations applicable to intentional torts by the mere refusal to style the cause brought in a recognized statutory category and thereby circumvent prohibition of the statute.
City of Mound Bayou, 562 So.2d at 1215 (citing Dennis v. Travelers Ins. Co., 234 So.2d 624, 626 (Miss.1970)).
¶ 26. We find that the court properly applied Section 15-1-35 to Jones's claims of common law assault and statutory assault. City of Mound Bayou requires that we apply Section 15-1-35, and all actions for assault and battery must be filed within one year. Jones failed to file these claims within the limitations period. Thus, this issue is without merit.
4. Whether Jones's claim of negligence for violation of Section 97-3-107(4) is barred by the statute of limitations?
¶ 27. The circuit court answered this question in the affirmative. The court determined that there was no provision in Section 97-3-107(4) for a private or civil claim. The court further determined that even if there were such a claim, it would be barred by the one-year statute of limitations of Section 15-1-35.
¶ 28. Mississippi Code Annotated Section 97-3-107 (Rev.2000) defines the crime of "stalking," and it provides:
(1) Any person who willfully, maliciously and repeatedly follows or harasses another person, or who makes a credible threat, with the intent to place that person in reasonable fear of death or great bodily injury is guilty of the crime of stalking. . . .
(4) For the purposes of this section, "harasses" means a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, or harasses the person, and which serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the person. "Course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose. Constitutionally protected activity is not included within the meaning of "course of conduct."
(5) For the purposes of this section, "a credible threat" means a threat made with the intent and the apparent ability to carry out the threat so as to cause the person who is the target of the threat to reasonably fear for his or her safety.
¶ 29. The evidence indicated that Miller knowingly and willfully engaged in a pattern of conduct for nine months which seriously alarmed and annoyed Jones. The course of conduct revealed a continuity of purpose to sexually harass Jones and to attempt to gratify his lewd inclinations toward her. This was the type of injury meant to be prevented by the statute, and Jones was in the class of persons sought to be protected.
*969 ¶ 30. However, under the terms of the statute, it is clear that for a violation to occur the offending conduct must be intentional. In City of Mound Bayou, the supreme court determined that the one-year statute of limitations, Section 15-1-35, applies to all intentional torts which are "substantially like" those enumerated. City of Mound Bayou, 562 So.2d at 1217-18. Any civil action for violation of the stalking statute is so like menace, assault, and libel that it is subject to the one-year statute of limitations. Id. Accordingly, we find no merit to this issue.
¶ 31. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY TO THE PARTIES.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] Section 15-1-49(1) provides that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."