FAIR, J.,
for the Court:
¶ 1. SkyHawke Technologies, LLC appeals the Madison County Circuit Court’s judgment affirming the decision of the Mississippi Department of Employment Security (MDES) to award unemployment benefits to Shawn Gillis. Finding no abuse of discretion, we affirm.
FACTS
¶ 2. Gillis was employed by SkyHawke for six years as a sales representative. While at the office, his co-worker, Alice Moreland, called him an obscene name. Gillis responded that evening by sending Moreland several vulgar text messages and leaving her crude voicemails. When she did not respond, Gillis said “game on.” The next day or so, Gillis approached Moreland at her cubicle brandishing his phone and asking if she had received his messages. Moreland reported this behavior to SkyHawke claiming she felt scared and uncomfortable. Two days later, Gillis was terminated for sending text messages “of a sexual nature” to Moreland.
¶ 3. The behavior for which Gillis was terminated took place over about a week. On June 23 the events described above took place, and on July 1 he became unemployed. Testimony and argument of counsel reflect one other contact, outside of the workplace, when Gillis and Moreland watched a movie and drank “a couple of beers” together at her house at sometime in the past.
¶ 4. Gillis was initially denied unemployment benefits because he was terminated for sexual harassment. He appealed the MDES Examiner’s decision to an administrative law judge (ALJ) who reversed the examiner’s denial of benefits. SkyHawke then appealed to the MDES Board of Review, which affirmed the ALJ’s decision. Next, SkyHawke appealed to the Madison County Circuit Court, which also affirmed the award of benefits.
¶ 5. Feeling aggrieved, SkyHawke now appeals asserting that the circuit court erred by (1) requiring a finding of fraud, (2) failing to deem the employee handbook admissible and sustaining the ALJ’s inadmissibility finding, and (3) sustaining the ALJ’s finding that Gillis’s termination was not for misconduct.
ANALYSIS
¶ 6. The standard of review in cases where this Court examines the circuit court’s judgment to affirm the Board of Review’s decision is abuse of discretion. Miss. Dep’t of Employment Sec. v. Clark, *330 13 So.3d 866, 870 (¶ 8) (Miss.Ct.App.2009) (quoting Howell v. Miss. Employment Sec. Comm’n, 906 So.2d 766, 769 (¶ 7) (Miss.Ct.App.2004)). Further, an agency’s findings should not be disturbed unless the order is: (1) not supported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope or power granted to the agency, or (4) violates the claimant’s constitutional rights. Allen v. Miss. Employment Sec. Comm’n, 639 So.2d 904, 906 (Miss.1994).
¶ 7. The facts, as determined by the Board, were supported by substantial evidence and were not arbitrary or capricious. After hearing testimony from Gillis, Moreland, and a human resources supervisor, the ALJ determined that Gillis was terminated for violating SkyHawke’s rule against the use of foul language, which was not enforced consistently. The ALJ also determined that this incident was an isolated act of poor judgment and did not constitute misconduct. The Board affirmed these findings. This Court reviews only the legal conclusions drawn by the Board of Review.
1.Fraud
¶ 8. SkyHawke argues that the circuit court applied an incorrect standard of review in this matter by stating: “The court having reviewed the entire record does not find any evidence of fraud and further finds the findings of the Board of Review as to the facts are supported by the evidence.” This assignment of error is without merit. Mississippi Code Annotated section 71-5-531 (Supp.2011) states: “In any judicial proceedings under this section, the findings of the [Bjoard of [R]e-view as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive.... ” The circuit court, following the statutory direction, ruled that it did “not find any evidence of fraud” and that “the facts [were] supported by evidence.” The court did not act improperly by reviewing the record for fraud, did not im-permissibly require that SkyHawke prove fraud to succeed in its appeal, and did not err by couching its findings in the language of the statute.
2. Employee Handbook
¶ 9. SkyHawke’s second argument seems to be that had the employee handbook been admitted into evidence, the ALJ would have found that Gillis was terminated for sexual harassment, justifying a denial of unemployment benefits. As a practical matter, an ALJ must have some discretion to control the presentation of evidence. And while the rules of evidence are relaxed in administrative settings, ideas of fundamental fairness should still prevail.' Mississippi Rule of Evidence 103(a) states: “[E]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.... ” There is no evidence of SkyHawke providing a copy of the proposed manual or portions thereof.
¶ 10. SkyHawke argues that it was error for the ALJ to exclude the employee handbook at the hearing, but has pointed to no substantial right that has been affected by this exclusion. SkyHawke’s speculation about what the ALJ might have found is not sufficient. The ALJ allowed testimony on the company’s sexual harassment policy curing any possible prejudice from exclusion of the handbook itself. We cannot find that exclusion of the employee handbook affected a substantial right of SkyHawke.
3. Disqualifying Misconduct
 ¶ 11. Mississippi Code Annotated section 71-5-513(A)(l)(b) (Supp.2011) provides that individuals are disqualified from receiving unemployment benefits if *331 discharged for misconduct connected with work. The Mississippi Supreme Court has defined misconduct as:
[CJonduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term.
Wheeler v. Arriola, 408 So.2d 1881, 1383 (Miss.1982) (citing Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636 (1941)). It is the employer’s burden to prove such misconduct by clear and convincing evidence. Allen v. Miss. Employment Sec. Comm’n, 639 So.2d 904, 906 (Miss.1994). Further, “ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered ‘misconduct’ within the meaning of the statute.” Wheeler, 408 So.2d at 1383.
¶ 12. To be guilty of misconduct for violating a rule (such as a policy against the use of foul language), it must be shown that the employee knew or should have known of the rule, that the rule was reasonably related to the job, and that the rule is fairly and consistently enforced. Miss. Employment Security Commission Administrative Manual Part V, ¶ 1720.
¶ 13. SkyHawke argues that Gil-lis’s sexually offensive remarks should be characterized as misconduct and urges this Court to follow the ruling in Captain v. Mississippi Employment Security Commission, 817 So.2d 634 (Miss.Ct.App.2002). In Captain, an employee was terminated after receiving two formal warnings for sending at least thirty-two pages of inappropriate email through the business server. Id. at 635-37 (¶¶ 2-16). This Court held that the employee knew of the rule against such conduct, that the rule was reasonable, and that it was consistently applied. Id. at 638 (¶ 25).
¶ 14. The instant case is easily distinguished from Captain because Gillis testified that he was unaware of any policy against the use of foul language, and foul language was often used by many employees without repercussion. Further, the record shows that this policy was not consistently enforced, as it was Moreland’s use of an obscenity that precipitated Gil-lis’s remarks. SkyHawke has made no showing of an evil design or Gillis’ intentional and substantial disregard for its interests. Gillis testified that he was using his personal phone after work to contact Moreland and stand up for himself. It was not an abuse of discretion for the Board to conclude that Gillis’s conduct was an isolated incident of poor judgement and not misconduct.
¶ 15. Finally, SkyHawke’s contention that it has been placed in the impossible position of being forced to choose between liability for sexual harassment or liability for unemployment benefits is untenable. SkyHawke cites to Jones v. B.L. Development Corp., 940 So.2d 961 (Miss.Ct.App.2006), to support this proposition, but the facts of this case are quite different. In Jones, an employer was held liable for negligent infliction of emotional distress under an agency theory after a supervisor engaged in a persistent course of inappropriate touching, sexual propositions, and vulgar language over a period of nine months. In this case the language used and the manner of its use certainly were not directed to establishing or furthering any sexual relationship. The instant facts simply do not rise to that level of infamy.
*332 ¶ 16. The findings of the Board of Review were supported by substantial evidence and should not be disturbed. We find no abuse of discretion in the circuit court’s standard of review, the ALJ’s exclusion of the employee handbook, or the determination that Gillis’s remarks were not misconduct. The order of the Circuit Court is affirmed.
¶ 17. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., BARNES, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR. IRVING, P.J., AND CARLTON, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, P.J., NOT PARTICIPATING.