# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CC-01473-COA

CHARLOTTE DAILEY                                                                 APPELLANT

v.

MISSISSIPPI DEPARTMENT OF                                                      APPELLEE
EMPLOYMENT SECURITY

DATE OF JUDGMENT:                    08/31/2017
TRIAL JUDGE:                         HON. JAMES MCCLURE III
COURT FROM WHICH APPEALED:           YALOBUSHA COUNTY CIRCUIT COURT,
                                     FIRST JUDICIAL CIRCUIT
ATTORNEY FOR APPELLANT:              WILLIAM LEDYARD WILLIAMSON
ATTORNEY FOR APPELLEE:               ALBERT B. WHITE
NATURE OF THE CASE:                  CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                         AFFIRMED - 12/11/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., GREENLEE AND TINDELL, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     Charlotte Dailey appeals the decision of the Circuit Court of Yalobusha County,
which affirmed the decision of the Board of Review of the Mississippi Department of
Employment Security (MDES) denying her unemployment benefits. The Board of Review
adopted the MDES administrative law judge's (ALJ) determination that Dailey voluntarily
resigned her employment without good cause, which disqualified her eligibility to receive
unemployment benefits. On appeal, Dailey asserts that: (1) the ALJ erred in declining to
admit her employer's board minutes; (2) substantial evidence did not support the Board of
Review's findings; and (3) the Board of Review applied the incorrect law. Finding that

substantial evidence supports the Board's decision, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Dailey worked for the Grenada Tourism Commission. She was buying several items for her employer at Walmart when her employer's credit card was denied. Dailey then called her supervisor, Larry Harges, and he drove to Walmart with another employee.

¶3.     Harges confronted Dailey about her purchases, and a verbal disagreement ensued, during which, though disputed, Dailey may have offered to resign. Harges, without the authority to accept a resignation, placed Dailey on administrative leave the next day. However, Dailey did work at a previously scheduled Grenada Tourism event several days later.

¶4.     Shortly after the event, the Grenada Tourism Commission's board (board) met without Dailey present. They telephonically called her from the meeting, and at that meeting, they accepted her resignation. The board informed Dailey of the decision.

¶5.     Dailey filed for unemployment benefits several days later. The Claims Examiner determined that she did not show good cause for resigning her employment and was, therefore, disqualified from benefits.

¶6.     Dailey appealed to the ALJ, who also found that Dailey was disqualified from unemployment benefits. The Board of Review upheld the ALJ's decision. She then appealed to the circuit court, which affirmed the decision of the Board of Review.

¶7.     In her appeal to this Court, she asserts that: (1) the ALJ erred in declining to admit the Grenada Tourism Commission's board minutes; (2) substantial evidence did not support the

Board of Review's findings; and (3) the Board of Review applied the incorrect law.

## STANDARD OF REVIEW

¶8.     "An agency's conclusions must remain undisturbed unless the agency's order: (1) is not supported by substantial evidence, (2) is arbitrary or capricious, (3) is beyond the scope or power granted to the agency, or (4) violates a statutory or constitutional right of the complaining party." *Miss. Dep't of Emp't Sec. v. Good Samaritan Pers. Servs.*, 996 So. 2d 809, 812 (¶6) (Miss. Ct. App. 2008). "A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise." *Sprouse v. Miss. Emp't Sec. Comm'n*, 639 So. 2d 901, 902 (Miss. 1994). "[T]his Court must not reweigh the facts of the case or insert its judgment for that of the agency." *Alexander v. Miss. Dep't of Emp't Sec.*, 998 So. 2d 419, 425 (¶15) (Miss. 2008).

## DISCUSSION

### I.     Did the ALJ err in declining to admit the Grenada Tourism Commission's board minutes?

¶9.     Dailey argues that in declining to admit the Grenada Tourism Commission's board minutes, the ALJ failed to include evidence that could have significantly altered the case in her favor. Noting that a board speaks through its minutes, she asserts that the minutes would have shown that the board fired her for "disruptive behavior," and not because of the alleged resignation.

¶10.    In the conversation during the telephonic hearing, Dailey asked that the minutes be entered into evidence, which we quote verbatim:

        ALJ:            . . . Any additional documents that you, uh in this that would be

|  |  | relevant, ma'am? |
|---|---|---|
| DAILEY: | | Um . . . the um . . . agenda and the minute meeting for last year. Um . . . (Phone Button Pushed) |
| ALJ: | | Ah . . . but now . . . |
| DAILEY: | | (Inaudible Crosstalk) |
| ALJ: | | I'm looking at those. (Background Noise) How are they relevant to your separation, ma'am? |
| DAILEY: | | Ongoin' personnel issues. They didn't show any personnel issues bein' discussed with me over the past year. |
| ALJ: | | Okay. And as, as far as right now as again, (Papers Shuffled) have your testimony. I'll go back and redirect on that, but those would not be relevant either. |

¶11.    The ALJ did not admit the minutes because Dailey had already testified to the ongoing personnel issues. But Dailey now asserts that the minutes show something entirely different, and she has included those purported minutes in her brief to this Court. However, they are not properly before this Court.

¶12.    "[I]t is well established that formal rules of practice, procedure, and evidence are more relaxed in proceedings before administrative agencies than in courts of law . . . ." *Alston v. Miss. Dep't of Emp't Sec.*, 247 So. 3d 303, 311 (¶29) (Miss. Ct. App. 2017). Still, "ideas of fundamental fairness should prevail." *SkyHawke Techs. LLC v. Miss. Dep't of Emp't Sec.*, 110 So. 3d 327, 330 (¶9) (Miss. Ct. App. 2012). And "[a]s a practical matter, an ALJ must have some discretion to control the presentation of evidence." *Id.* The ALJ asked Dailey why the minutes should be admitted. Dailey answered, and the ALJ determined that her assertion had been competently made with other evidence; so the ALJ declined to admit the minutes.

4

Furthermore, Dailey did not provide the minutes; therefore, they were not in the record. Accordingly, they are not before us because we cannot review what is not in the record. *Goolsby Trucking Co. v. Alexander*, 982 So. 2d 1013, 1021 (¶24) (Miss. Ct. App. 2008). We find that the ALJ did not act arbitrarily or capriciously in the declination.

II. **Did substantial evidence support the Board of Review's findings?**

¶13. During the hearing in front of the ALJ, Dailey testified that she told Harges at Walmart, "If I was as unprofessional as [you], I would resign right now." Harges, however, testified that Dailey said, "You'll have my resignation as of tomorrow afternoon at 5:00." Dailey insists that neither statement constitutes a resignation. Furthermore, she asserts that because she worked after being placed on administrative leave, she could not have resigned. Therefore, Dailey claims that substantial evidence does not support the Board of Review's findings.

¶14. "To affirm the MDES's denial of benefits, we must find its decision was supported by substantial evidence and was not arbitrary or capricious." *Gladney v. Miss. Dep't of Emp't Sec.*, 146 So. 3d 1036, 1039 (¶9) (Miss. Ct. App. 2014). "Substantial evidence is that which is relevant and capable of supporting a reasonable conclusion, or is more than an scintilla of evidence." *Id.* (internal quotation marks omitted).

¶15. However, Dailey fails to discuss much of the evidence presented to the ALJ, including her own contradictory testimony. There may have been a dispute as to what Dailey precisely said to Harges at Walmart. But at the hearing, Dailey admitted, "[T]o be honest, Judge, I may have told him I would be giving him my resignation, but I never gave it." It is also clear that

5

Harges did not have the authority to accept Dailey's resignation, only the board had that authority. Her working after being placed on administrative leave but before the board could accept her resignation does not indicate that she never resigned. Furthermore, the board called Dailey from their meeting. During that conversation, according to Harges, Dailey offered to resign and the board accepted her resignation. From a review of the record, Dailey has not contested Harges's testimony on that occurrence.

¶16. Because the Board of Review's decision was supported by substantial evidence and was neither arbitrary nor capricious, we decline to disturb it.

### III. Did the Board of Review apply incorrect law?

¶17. Dailey asserts that "[t]here has been no evidence presented in this case to conclude the Claimant voluntarily left her position with the Employer." Therefore, she alleges the Board of Review should have applied a different standard and burden of proof.

¶18. As noted above, the record shows that there was sufficient evidence presented to the ALJ that indicated that Dailey resigned, despite the conflicting testimony. "Unemployment benefits are available for employees who leave work involuntarily, through no fault of their own." *Daniels v. Miss. Emp't Sec. Comm'n*, 904 So. 2d 1195, 1197 (¶8) (Miss. Ct. App. 2004). "The burden of proof of good cause for leaving work shall be on the claimant . . . ." Miss. Code Ann. § 71-5-513(A)(1)(c) (Rev. 2011). "The Board's finding that an employee has quit work voluntarily without good cause is a question of fact that will be affirmed if supported by substantial evidence." *Daniels*, 904 So. 2d at 1197 (¶8). The correct law was applied, but Dailey did not meet the proper burden of proof. And substantial evidence

6

supported the finding.

## CONCLUSION

¶19. We find that substantial evidence supports the denial of Dailey's claim. She has not overcome the rebuttable presumption in MDES's favor. We also find that the ALJ did not err in denying the admission of her employer's board minutes and that those minutes are not before us for review. Substantial evidence supports the Board of Review's findings, and the Board of Review applied the correct law. Therefore, we affirm.

¶20. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, WESTBROOKS AND TINDELL, JJ., CONCUR.**